Martin, J.
delivered the opinion of the court. The parties were joint owners of a slave, the plaintiff for nineteen, the defendant for one twentieth. During the contest for the ownership of the slave, he was kept without any on the part of the plaintiff, by the defendant, who having finally been ordered by the court to deliver him to the sheriff, that a division might take place by a licitation, failed to produce him, and now being sued, resists the plaintiff’s claim, on the ground that the slave ran away, without any fault on the part of the defendant. The plaintiff contends, that admitting this to be the case, the defendant did not take any step for the capture of the slave, as he was bound to do: neither did he apprise the plaintiff of the flight of the slave, that he might take the steps, which defendant is alleged to have neglected. So the only question for the decision of this court is whether the quasi contract of joint ownership imposes the obligation of exercising ordinary diligence on the property, which is the object of it, or whether fraud alone renders the the joint owner liable?
The contract of partnership is the one which *204 bears the greatest resemblance to the quasi contract of joint ownership. The actions pro socio, familiæ erciscundæ, et communi dividundo appear to be regulated by the same principles.
In the institutes, lib. 3. tit. 27. de dolo & culpâ a socio præstandis, we are informed that it had been a question whether a partner, like a depository, be accountable for fraud only, or for negligence also, and that the better opinion is that he is answerable for all damages which happen through his fault. Prævalent tamen etiam culpæ nomine teneri eum. We are next told that the utmost diligence exactissimam diligentiam is not required of him—that a partner is not liable for damages, if he has used the same care and diligence, in respect of the partnership’s property, which he usually bestows on his own; and that whoever chooses a negligent man for his partner, must lay the blame on himself only, and impute his misfortune to his ill choice. Cooper, Instit. 283.
Here the conclusion seems to be at war with the premises; the principle with the commentary. The contracts of partnership and deposit are assimilated, yet they widely differ; the one, is for the benefit of both parties, the other for that of one of them only. We are told the partner is liable for his fraud only, afterwards for his *205 fault also—his negligence, culpeæ i. e. desidiæ atque negligentiæ nomine. Finally it is concluded that if he uses, with regard to the joint, the same diligence which he bestows on his separate, property, he is not liable : yet the absence of that diligence would constitute fraud.
The contract being useful to the partner, who holds the property, he ought to be bound to carefulness : not so the depository ; for the deposit being only a charge to him, he ought to be bound to honesty only.
The digest L. Contractus 23, distinguishes two kinds of contracts. Those in which fraud alone gives room to repetition, qui dolum dumtaxat recipiunt, as that of deposit; the other, those which, besides good faith, require diligence, as that of partnership. Contractus quidam dolum malum dumtaxat recipiunt, quidam et dolum et culpam. Dolum tantum depositum....societas ET REI COMMUNIO dolum et culpam recipiunt.
In contracts and quasi contracts, which are for the reciprocal advantage of the parties, as those of sale, exchange, partnership and in the quasi contract of ownership that care is required, as to the thing which is the object of the contract or quasi contract, which prudent men usually bestow on their own. In societate, dolus et culpa præstatur. ff. l. 13. tit. 6, l. 5. § 2.
*206 The court concludes that a joint owner cannot discharge himself of his responsibility, in case of the loss of the thing, by shewing that he has bestowed on it the same care, which he bestows on his separate property : but is bound to shew that he took of it that care, which most men ordinarily take of their property. See Pothier’s observation generale &c. 2 Contrat de mariage, in finem. This is the principle of the Roman and of the common law of England. Jones on bailment.
The statement of facts admits that the defendant uses nis negroes well and takes good care of them : likewise that he used equally well and took the same care of the slave in question. This establishes the fact that the slave ran away, without any fault on the part of the defendant; but the plaintiff charges that the slave failed to be arrested and recovered by the utter neglect of the defendant.
The defendant does not shew that he took any step for the recovery of the slave, after he fled. It is true, he had the name of the slave registered with the clerk of the parish court, under a provision of an act of the legislature. Martin’s Digest, Black code n. 26. This precaution would indeed have protected the owners, *207 against some liability, in case of theft committed by the runaway, but could not lead to his arrest. Towards this, it does not appear that the defendant made one single effort : neither did he, by warning the plaintiff, his joint owner, who was in the city, enable the latter to make any diligence. Most men ordinarily take some steps to procure the arrest of their runaway slaves. Some advertise them in the gazettes: others think that this step puts the slave on his guard, and refrain from advertising : but they seldom neglect to apprize constables, or other fit persons, of the flight and offer some reward to excite attention. It is true that there are cases in which all this becomes useless—as when the first news of the flight is that of the slave having sailed, in a vessel bound to some very distant or unknown port, or to a country from which runaway slaves cannot be recovered. But, these are extreme cases. Could the defendant shew any like circumstance, it would repel the claim of the plaintiff.
It is contended that the taking of the steps mentioned is not often susceptible of proof; as when the person employed to arrest runaways are themselves slaves and cannot testify. This surely is a difficulty, but orders in such cases might be given in presence, or through the channel of *208 free persons. He, who is bound to do an act, must secure of his performing it, otherwise de non existentibus & non apparentibus eadem est lex.
Paillette for the plaintiff. Seghers the defendant.
We think ourselves bound to say that the plaintiff ought to have recovered.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and this court doth order, adjudge and decree that the plaintiff do recover from the defendant the sum of seven hundred and sixty dollars, being the nineteen twentieths of that of eight hundred, which appears from the record to have been the agreed value of the slave, between the partners, with costs.
On motion of the defendant, and with the consent of the plaintiff, the judgment is amended, and it is further ordered, adjudged and decreed that the defendant shall be and remain the sole and absolute owner of the slave Dimanche, on the payment of the sum decreed.